IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAMIRO MUNOZ GARZA,**   )<br>   )<br>   Petitioner,   )<br>   )<br>vs.   )<br>   )<br>   )<br>UNKNOWN,   )<br>   )<br>   Respondent.   )<br>   )<br>_____   ) | 1:07-cv-1700 OWW  WMW HC<br><br>MEMORANDUM OPINION<br>AND ORDER DISMISSING<br>PETITION FOR WRIT OF<br>HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has filed fourteen previous habeas corpus petitions in this court.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court.

Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus relief  will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).  Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

>   (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

Petitioner filed a prior habeas corpus petition in this court on November 13, 2006, raising exactly the same issue as raised in the present petition.  The court dismissed that

petition for failure to state a claim on April 20, 2007.  <u>Garza on Habeas Corpus</u>, 1:06-cv-1620 OWW WMW HC.  The court finds, therefore, that the present petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(2)(A)-(B).  Petitioner has not provided the court with the necessary authorization from the Court of Appeals to pursue such a petition.  Accordingly, it must be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) The petition for writ of habeas corpus is DISMISSED as an unauthorized second or successive petition;

2) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:    February 19, 2008**              /s/ Oliver W. Wanger
                                             UNITED STATES DISTRICT JUDGE

3